IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH BRONSON,

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                  18-cv-987-wmc

FEDERAL BUREAU OF PRISONS,

                      Defendant.

*Pro se* plaintiff Joseph Bronson, a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), has filed a proposed *Bivens* complaint claiming the Federal Bureau of Prisons ("BOP") has implemented policies and practices that impede his ability to rehabilitate himself and his efforts to avoid social deterioration.[1] While Bronson is held to a "less stringent standard" in crafting pleadings as a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss this lawsuit for failure to state a claim, consistent with its screening obligation under 28 U.S.C. § 1915A. In addition, plaintiff will be assessed a strike under 28 U.S.C. § 1915(g).[2]

FACTUAL ALLEGATIONS[3]

Previously allowed to access to an email program called "TRULINCS," Bronson

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1974).

[2] Section 1915(g) bars a prisoner with three or more "strikes" or dismissals is barred from filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury.

[3] In addressing a pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For purposes of this opinion and order, the court assumes the following facts based on the allegations in plaintiff's complaint and attached exhibits.

alleges that a BOP policy change took away his access to that program. Apparently, BOP staff at FCI-Oxford informed him that under the new policy he was no longer eligible to use the email program because his criminal conviction related to the use of mail. *See United States v. Bronson*, No. 15-cr-618-DRD (D. P.R. Mar. 2, 2017) (judgment of guilt on one count of attempting sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1), 1594(a), where Bronson admitted using email to arrange to pay for sex with a minor). Bronson further alleges that his requests to appeal this restriction was denied, and that even though he has no disciplinary reports and volunteers in adult continuing education classes, his requests for programming have also been denied, including access to educational courses.

OPINION

As an initial matter, the BOP is not a proper defendant in a *Bivens* action, which permits a plaintiff to sue a federal *official* in his or her individual capacity, not the United States or a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996 (1994) (*Bivens* actions cannot be brought against federal agencies); *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994) ("A plaintiff bringing a *Bivens* action sues a federal employee in his or her individual capacity, rather than the governmental agency or entity employing the individual.").

If this were the complaint's only defect, the court might permit Bronson the opportunity to file an amended complaint that names a proper defendant, but such an amendment would be futile since he also fails to allege facts that would support a

constitutional claim. Specifically, to the extent Bronson believes he might have a constitutional right to the TRULINCS email system because he uses it to communicate with his family and friends, he is simply mistaken. The Supreme Court has assumed that prisoners retain some right of association while incarcerated, even though it recognized that (1) "freedom of association is among the rights least compatible with incarceration" and (2) "[s]ome curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003); *Easterling v. Thurmer*, 880 F.3d 319, 322-23 (7th Cir. 2018). In *Overton,* the Court held in particular that the constitutionality of a prison policy restricting visitation privileges depended on whether the policy was reasonably related to legitimate penological interests, *Overton*, 539 U.S. at 132, which as pleaded, also appears to be the case for the policy at issue (i.e., restricted access to email for inmates with a history of illegal use of the U.S. mail).

More generally, to determine whether the policy violate the prisoner's constitutional rights, the *Overton* Court applied the four factor test articulated in *Turner v. Safley*, 482 U.S. 78 (1987): (1) whether a rational connection exists between the prison policy or regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89-91). Once defendants show a logical connection between the restriction on the prisoner's speech and their legitimate interest, however, the burden shifts to the

3

prisoner as to the remaining three factors. *Singer v. Raemisch*, 593 F.3d 529, 536-37 (7th Cir. 2010) ("[T]he burden shift[s] to the prisoner once the prison officials provide the court with a plausible explanation."); *Jackson v. Frank*, 509 F.3d 389, 391 (7th Cir. 2007) ("When challenging the reasonableness of the prison's regulation, the inmate bears the burden of persuasion.").

Here, plaintiff has not alleged that he is unable to visit with his family members and friends, just that he is unable to communicate with them using the TRULINCS email system. The court is skeptical that curtailing plaintiff's access to *one* mode of associating with his family members creates a substantial impediment to his ability to communicate and visit with his family, but even assuming he were *substantially* prevented him from contact with his family, the restriction bears a logical relationship to a legitimate penological interest: plaintiff affirmatively alleges that BOP terminated his access to TRULINCS *because* his criminal conviction related to the use of email. Such a restriction bears a logical and direct relationship to the BOP's interest in fostering rehabilitation and avoiding recidivism.

Furthermore, plaintiff's allegations indicate that the other *Turner* factors weigh heavily against him: plaintiff has other means to communicate with family members, such as over the telephone, through letters or in-person visits; allowing plaintiff access to TRUCLINCS permits plaintiff access to materials he used to commit his crime of imprisonment, which could pose a security threat; and there does not appear to be obvious alternatives that address the BOP's interests. Accordingly, plaintiff's own allegations confirm that the restriction passes muster under *Turner*.

Finally, plaintiff's stray allegation that he does not have access to programming does not implicate any constitutional rights. Indeed, "there is no constitutional mandate to provide educational, rehabilitative or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982). While plaintiff might be understandably frustrated with his lack of access to programming within the institution, these allegations do not support an inference (much less a reasonable one) that he is suffering a violation of his constitutional rights. For that reason as well, the court concludes plaintiff's complaint fails to state a plausible claim for relief, even construed liberally.

ORDER

IT IS ORDERED that:

1) Plaintiff Joseph Bronson is DENIED leave to proceed on any claim in this lawsuit, and this complaint is DISMISSED for failure to state a claim upon which relief can be granted.

2) The clerk of court is directed to record this dismissal as a STRIKE for purposes of 28 U.S.C. § 1915(g).

Entered this 24th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge